**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PEDRO VAZQUEZ CHONA,

Petitioner

v.

JOHN MATTOS, et al.,

Respondents

Case No.: 2:26-cv-02141-APG-MDC

**Order (1) Granting Petition for Writ of Habeas Corpus, (2) Granting Motion to Extend Time, and (3) Denying as Moot Petitioner's Motion for Temporary Restraining Order**

[ECF Nos. 2; 8; 10]

Petitioner Pedro Vazquez Chona is a noncitizen who has been held in custody by Immigration and Customs Enforcement (ICE) since June 2026. ECF Nos. 10 at 1-2; 10-1 at 2-3. Vazquez Chona entered the United States in 1995, and a final order of removal was entered against him in absentia in 1999. ECF No. 10 at 2; 10-1 at 3-4. He was arrested in June 2026 by ICE during an appointment to either renew his employment authorization card or in connection with his application for adjustment of status. *See* ECF Nos. 10 at 1-2; 10-1 at 3.

Vazquez Chona filed an amended petition for a writ of habeas corpus and an emergency motion for temporary restraining order seeking his release. ECF Nos. 2; 10. He asserts that he had no knowledge of a final removal order against him and that the government's "documents are so internally contradictory that Mr. Vazquez's immigration status in this country is unknown." ECF No. 10 at 4. He argues that even if he has a final removal order, his detention violates 8 U.S.C. § 1231 and his Fifth Amendment due process rights because his removal is not likely in the reasonably foreseeable future. Alternatively, he contends that if the government is not relying on the removal order it obtained in absentia, then he is entitled to a bond hearing under 8 U.S.C. § 1226(a).

The respondents raise two arguments in response. First, they contend that I lack jurisdiction over this petition. I have rejected this argument repeatedly, and I do so again. *See e.g.*, *Rodriguez v. Mullin*, No. 2:26-cv-00531-APG-NJK, 2026 WL 895685, at *2 (D. Nev. Apr. 1, 2026).

Second, the respondents argue that Vazquez Chona is subject to a final order of removal, so his detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). They contend that Vazquez Chona's detainment is "well within the statutory period to effectuate removal" as he had not been detained for over 90 days at the time the respondents filed their brief. ECF No. 12 at 10. This argument is moot as he now has been detained for over 90 days. The respondents presented no other arguments and no evidence to show that Vazquez Chona's removal is likely in the reasonably foreseeable future.

Individuals with final removal orders are subject to mandatory detention for 90 days to effectuate their removal. *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021); 8 U.S.C. §§ 1231(a)(1), (2). The Attorney General has discretion to detain noncitizens who fall into certain categories beyond the 90-day removal period under 8 U.S.C. § 1231(a)(6). However, to avoid doubt about the statute's constitutionality, the Supreme Court in *Zadvydas* read into the statute an "implicit limitation" on that discretion because a statute that permitted indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment's due process clause. 533 U.S. at 682, 689-90. The Supreme Court adopted a six-month period as a presumptively reasonable period of detention to effectuate removal. *Id.* at 701. After that six-month period, if a detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* But the six-month period is only a presumption.

The noncitizen may rebut the presumption that continued detention is reasonable where there is no significant likelihood of removal in the reasonably foreseeable future. *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395-97 (D.N.J. 2025); *Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-cv-02567-MMD-MDC, 2026 WL 266756, at *2-3 (D. Nev. Feb. 2, 2026). If the noncitizen makes this showing, the government "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Vazquez Chona argues that there is no significant likelihood of removal in the reasonably foreseeable future because respondents have failed to take any action to remove him after nearly 30 years. He states that he has not attempted to evade detection, had no notice of the removal proceedings conducted in 1999, and had no knowledge of the removal order against him. Additionally, he has engaged with United States Citizenship and Immigration Services (USCIS) to seek affirmative immigration relief, openly listed his home address on all applications to and correspondence with USCIS, and USCIS granted employment authorization and mailed notice of that authorization to that same home address.

Vazquez Chona has met his initial burden of showing that there is no significant likelihood of his removal in the reasonably foreseeable future. *See Mejia, v. LaRose*, No. 3:26-cv-05632-RBM-GC, 2026 WL 3218625, at *3 (S.D. Cal. Oct. 27, 2026) ("Respondents do not dispute [p]etitioner's contention that they have made no progress in removing him despite his removal order being finalized over 20 years ago. Accordingly, the Court finds that Petitioner has met his initial burden."); *Mena P. v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-04606-TLN-JDP, 2026 WL 1846728, at *3 (E.D. Cal. June 26, 2026) (granting a petitioner's habeas petition when ICE "failed to effectuate his removal" while his "order of removal was issued over twenty years ago, and his present detention has lasted more than five months");

*Enshikar v. Frink*, No. 4:26-cv-02562, 2026 WL 1999331, at *1 (S.D. Tex. Apr. 15, 2026) ("[C]onsidering the more than eighteen years the removal order has been final with no steps taken towards effectuating removal, the Court finds that the presumption of reasonability is either inapplicable or rebuttable."). The respondents do not dispute Vazquez Chona's claims, nor offer anything to rebut this showing. Additionally, they offer no evidence that they have taken steps to remove Vazquez Chona since detaining him in June. Thus, the government has failed to rebut the showing that there is no significant likelihood of Vazquez Chona's removal in the reasonably foreseeable future, so any continued detention based on effectuating his removal violates the implicit limitation in § 1231(a)(6) and Vazquez Chonas's due process rights under *Zadvydas*.

I THEREFORE ORDER that petitioner Pedro Vazquez Chona's amended petition for habeas corpus (**ECF No. 10**) **is GRANTED.**

I FURTHER ORDER that Vazquez Chona's motion for temporary restraining order (**ECF No. 2**) **is DENIED as moot**.

I FURTHER ORDER that the motion to extend time (**ECF No. 8**) **is GRANTED**.

I FURTHER ORDER that the respondents must release petitioner Pedro Vazquez Chona from the custody of Nevada Southern Detention Center **no later than 12:00 noon on Monday, November 23, 2026, and transport him to 501 Las Vegas Blvd South, Las Vegas, Nevada by 5:00 p.m. that same day.** The respondents must advise Vazquez Chona's counsel of the estimated time of release for coordination purposes. Vazquez Chona's release is subject to reasonable terms of supervision as set forth in 8 U.S.C. § 1231(a)(3). Determining reasonable terms of supervision must not in any way impede the immediate release of Vazquez Chona.

I FURTHER ORDER the respondents to return all of Vazquez Chona's personal property to him upon his release.

I FURTHER ORDER that the respondents are prohibited from re-detaining Pedro Vazquez Chona absent proof (1) of changed circumstances making his removal reasonably foreseeable and without first following the required statutory procedures, or (2) that he violated a reasonable term of supervision and without first following any required statutory or regulatory procedures.

I FURTHER ORDER the clerk of court to close this case.

DATED this 20th day of November, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE